IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GARY RAYMOND BORG,

    Plaintiff,

  v.

JPMORGAN CHASE BANK N.A., et al.,

    Defendant.

No. C 15-00900 WHA

**ORDER GRANTING MOTION TO DISMISS COMPLAINT**

### INTRODUCTION

In this foreclosure-related action, defendant moves to dismiss under the doctrine of res judicata (claim preclusion). For the reasons stated below, defendant's motion is **GRANTED**.

### STATEMENT

*Pro se* plaintiff Gary Raymond Borg obtained title to real property located in Concord, California. Borg executed a promissory note in 2007 for a loan that was secured by a deed of trust on the property. JPMorgan Chase Bank N.A. ("Chase") became the beneficiary under the deed of trust through a purchase agreement with the original beneficiary. Chase then substituted its own trustee to replace the original trustee. Chase's trustee initiated a foreclosure proceeding on the property in 2011 (Def.'s Req. for Judicial Notice, Exhs. 1–6).

Borg then sued Chase along with the original beneficiary and the original trustee in California state court for wrongful foreclosure, negligence, and fraud. Judge Laurel Brady of the Contra Costa Superior Court dismissed Borg's complaint for failure to state a claim. In relevant

1  part, Judge Brady held that, "To the extent that this action is based in part upon a challenge to
2  the chain of title of the beneficial interest in the Deed of Trust, [plaintiff fails] to allege any legal
3  basis for his claim."  Leave to amend was denied.  Final judgment was entered against Borg in
4  January 2015 (Def.'s Req. for Judicial Notice, Exh. 7).

5  Borg now brings this action against Chase in federal court.  The complaint does not
6  allege a violation of any law or any wrongdoing.  The sole claims are requests for declaratory
7  and injunctive relief.  Borg seeks a determination "of the status of the two parties" in regards to
8  the same promissory note that Borg executed in 2007.  The purpose of this relief is "so that the
9  responsibilities and authorities of the two parties in regards to the Note can be [better] assessed."
10 Borg also seeks a "temporary and emergency stay of the administrative foreclosure being made"
11 (Compl. ¶¶ 4–7; Borg Exh. A).

## ANALYSIS

13 The doctrine of res judicata precludes relitigation of any claim arising out of the same
14 transaction or occurrence in a prior action between the parties that was resolved on the merits,
15 including all claims that *could have* been asserted.  The dismissal of the prior state court action
16 for failure to state a claim constitutes a judgment on the merits for purposes of claim preclusion.
17 *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *United States ex rel.*
18 *Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998).

19 In *Le v. Bank of America, NA*, 585 Fed. Appx. 362 (9th Cir. 2014), our court of appeals
20 affirmed a district court's dismissal of a lawsuit under res judicata for "claims arising out of the
21 same loan transaction and related foreclosure proceedings against the same defendant" as two
22 prior federal actions brought by the same plaintiff in which there were final judgments on the
23 merits.

24 Similarly, here, this lawsuit involves the same loan transaction and related foreclosure
25 proceeding against one of the same defendants as the prior state court action brought by Borg in
26 which there was a final judgment on the merits.  Although Borg no longer challenges Chase's
27 right to foreclose on the property (Dkt. No. 17, at 1), the declaratory and injunctive relief that he
28 seeks would require this Court to revisit the same loan transaction that was the subject of the

prior state court action.  Because Borg *could have* requested this relief in the prior lawsuit, res judicata precludes this new action.  Moreover, the right of the parties were declared (or could have been declared if plead in issue) in the state court action and no further declaration of rights is warranted on this record.

Defendant's request for judicial notice of the prior state court decision and other public documents related to the loan transaction is **GRANTED**.

## CONCLUSION

Defendant's motion to dismiss the complaint is **GRANTED**.  Judgment shall be issued in a companion order.

**IT IS SO ORDERED.**

Dated: May 14, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE